IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Grant, Jr., ) | CIVIL ACTION NO: 9:08-2696-GRA-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| David Crenshaw, Joey Preston ) and Chrissy T. Adams, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Anderson County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants. Plaintiff's claims arise out of the prosecution of criminal charges against him.

The Defendants filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P., on March 19, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro Order, Plaintiff failed to respond, leading to the filing of a second order on May 18, 2009 advising Plaintiff

---

[1] Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Lieber Correctional Institution. See Court Docket No. 37 (Change of Address Form).

- 1 -



that if he failed to respond, his case would be dismissed for failure to prosecute. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion for summary judgment on July 13, 2009.

Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff's specific claims are difficult to discern, but it is clear they arise out of his prosecution on criminal charges. Plaintiff alleges generally that the Defendants spent too much time on his case and abused their authority. Plaintiff seeks a court order that "all warrants and/or indictment" against him be dismissed, and that he be awarded monetary damages. Although Plaintiff sets forth no specific causes of action in his unverified complaint,[3] from subsequent filings with the Court it is apparent that Plaintiff is complaining that he was not prosecuted within one hundred eighty days of the charges against him being filed, as allegedly required by state law, and that his "due process" rights were violated when he was required to provide a DNA sample. See Court Docket Nos. 17 and 38.

In support of summary judgment in the case, the Defendants have provided an affidavit from Kristen Reeves, who attests that she is an assistant solicitor with the Anderson County Solicitor's Office. Reeves attests that she is the Assistant Solicitor who handled Plaintiff's cases,

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

- 2 -



and that Plaintiff was arrested on September 17, 2006 and charged with criminal sexual conduct first degree, kidnapping, and burglary first degree. Plaintiff was required to provide DNA evidence following a hearing pursuant to Schmerber v. California, 384 U.S. 757 (1966), on August 9, 2007. Reeves attests that Plaintiff filed a speedy trial motion and motion to dismiss, which were heard and rejected by the Court on or about August 12, 2008, with leave to re-file if the case was not tried by the end of September 2008. Plaintiff's case was then placed on the trial docket on September 22, 2008, to be tried the week of October 6, 2008. Reeves attests that, following Plaintiff's trial, Plaintiff was convicted of criminal sexual conduct first degree and kidnaping, and found not guilty of burglary first degree. Plaintiff is now serving his sentence for these convictions. See generally, Reeves Affidavit, with attached Exhibits [Copies of Court Orders, the Verdict Form, and Sentencing Sheets from Plaintiff's trial].

As attachments to his response in opposition to the motion for summary judgment, Plaintiff has submitted, inter alia, copies of his pro se motion to dismiss (filed June 5, 2007), a copy of a plea offer as well as a report on Plaintiff's DNA sample, and a copy of a pro se demand for speedy trial filed by the Plaintiff on December 11, 2007.[4]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party

---

[4] Notwithstanding these pro se filings, it is apparent from the material filed with the Court that Plaintiff was represented by counsel on his criminal charges.



must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

The Defendant Adams is the Solicitor for the Tenth Judicial Circuit, whose office prosecuted Plaintiff's case. The Defendant Crenshaw is alleged to be the Sheriff of Anderson County, while the Defendant Preston is alleged to be the County Administrator. As an initial matter, it is not clear from either the allegations of Plaintiff's complaint or from the documents submitted as evidence in the case how Crenshaw and Preston have engaged in any violation of Plaintiff's constitutional rights. The County Administrator for Anderson County (Preston) is charged with running the County government; he has no control over either the Solicitor's Office (a state office) or the court system (a state run entity), and Plaintiff has presented no evidence, or even allegations, to show how Preston played any role whatsoever in either the charges that were brought against him, or in the prosecution of his case. See S.C. Code § 4-9-620 (1976)["The council shall employ an administrator who shall be the administrative head of the county government and shall be responsible for the administration of all the departments of the county government which the council has the authority to control."]; see also Barren v. Herrington, 152 F.3d 1193, 1194 (9th Cir. 1999)["Liability . . . must be based on the personal involvement of the Defendant"], cert denied, 522 U.S. 1154



(1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Il. 1996); see also Horton v. Marovich, 925 F.Supp. 540, 542 (N.D.Il. 1996)["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]. Therefore, Preston is entitled to dismissal as a party Defendant.

As for the Sheriff, the only reference to the Sheriff's office in the filings with this Court is contained in the "Schmerber" order, where the presiding judge ordered that Ken Blakely of the Anderson County Sheriff's Office have blood samples taken by a competent medical and forensic personnel, with the samples then to be transported to SLED[5] by the Sheriff's office for testing. See Reeves Affidavit, Exhibit B. There is no allegation that the Sheriff's Office or office personnel did not perform these tasks as ordered, and indeed Plaintiff does not even make any such allegation. Further, to the extent Plaintiff is complaining that his due process rights may have been violated by having been forced to provide a DNA sample, it is clear from the evidence presented to this Court that this sample was taken pursuant to order of the presiding Judge of the Tenth Judicial Circuit. This was not a decision made by the Defendant Sheriff or by his office. The undersigned can discern no constitutional violation committed by the Defendant Sheriff or his office in this evidence, and Crenshaw should therefore also be dismissed as a party Defendant. Cf. Gomez v. Toledo, 446 U.S. 635, 640 (1980)[In order to survive summary judgment, Plaintiff must present evidence sufficient to give rise to a genuine issue of fact as to whether the named Defendant deprived him of a federal right]; Horton, 925 F.Supp at 542.

Finally, as for the Defendant Adams, she was not the one who prosecuted Plaintiff's

---

[5]The South Carolina Law Enforcement Division.



case, nor is there any evidence that Adams was involved in this prosecution. Rather, it is readily apparent that the only reason Adams has been named as a Defendant is because she is the Solicitor, and therefore Assistant Solicitor Reeves' boss. That is not a basis for liability in a § 1983 action. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 at n. 1-2 (4th Cir. 1977)[Holding that the doctrines of vicarious liability and respondeat superior are not applicable to § 1983 actions]. Further, even if Adams *was* involved in Plaintiff's prosecution, a prosecutor has absolute immunity from damages for acts taken in judicial proceedings. Buckley v. Fitzsimmons, 113 S.Ct. 2606 (1993); Burns v. Reed, 500 U.S. 478 (1991).

In any event, even if Plaintiff had named proper party Defendants in this case, he has failed to show a violation of his constitutional rights. It was not a violation of his due process rights for Plaintiff to be ordered to provide a DNA sample. Schmerber, 384 U.S. at 759-760; Collins v. Hodges, No. 01-2343, 2007 WL 3145492 at * 5 (D.S.C. 2007)["[I]t is well settled that taking a blood sample for purposes of criminal investigation, when done properly, does not offend the due process clause."]; United States v. Owens, No. 06-72, 2006 WL 3725547 at ** 6-16 (W.D.N.Y. Dec. 15, 2006)[No due process violation for taking DNA samples under specific facts of the case]. As for Plaintiff's speedy trial claim, the Federal Speedy Trial Act, 18 U.S.C. § 3116, et. seq. only applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a state. United States v. Johnson, 815 F.2d 309, 312 (5th Cir. 1987); United States v. Wilson, 657 F.2d 755, 767 (5th Cir. 1981)["[A] state arrest does not trigger the time provisions of . . . the federal Speedy Trial Act."]; see e.g. United States v. Hall, No. 92-10077, 1994 WL 544514 (D.Kan. Sept. 13, 1994); United States v. James, 861 F.Supp. 151 (D.D.C. 1994). Hence, the Federal Speedy Trial Act provides Plaintiff no basis for relief.

While the Sixth Amendment's right to a speedy and public trial has been applied to



the states through the Fourteenth Amendment; Rhoad v. State, 641 S.E.2d 35, 38 (S.C.Ct.App. 2007)["An accused is guaranteed the right of a speedy trial via the Sixth and Fourteenth Amendments to the Constitution."]; again no constitutional violation has been shown. The record reflects that Plaintiff was initially arrested in September 2006, and the prosecutor received the preliminary analysis report from the rape kit on February 5, 2007. Reeves Affidavit, 3, 6. Thereafter, even though Plaintiff initially consented to providing a DNA sample, he subsequently refused to give the sample, requiring a Schmerber hearing which was held on August 9, 2007. Id. at *7. After obtaining these samples pursuant to a court order, the prosecutor received the DNA analysis report on these samples on October 29, 2007. Id. at * 8. In the interim, however, Plaintiff had filed a grievance against his court appointed attorney, requiring the appointment of new counsel, further delaying matters. Id. at * 9. When Plaintiff filed his pro se demand for a speedy trial on December 11, 2007, the prosecution was still awaiting evidence in the case. Id. at ** 9-10. Following a hearing, the court ordered that Plaintiff's speedy trial motion could be heard again if the case was not tried by September 2008. Id. at * 10. The prosecution thereafter received a preliminary analysis on bedding and clothing on August 24, 2008, and a final analysis on September 5, 2008. Id. at * 11. Plaintiff's case was then tried the week of October 6, 2008. Id. at * 12.

No unreasonable delay is shown in this evidence. Further, Plaintiff was given full credit for the 754 days he was incarcerated pending his trial. Reeves Affidavit, Exhibit D. The undersigned can discern no prejudice incurred; hence, no violation of the Sixth Amendment has been shown. See Barker v. Wingo, 407 U.S. 514, 530 (1972)[In order to determine whether a violation of the Sixth Amendment right to speedy trial has occurred, the courts should look to the length of the delay, the reason for the delay, the Defendant's assertion of his right, and any prejudice incurred]. Plaintiff's claims are without merit.



- 7 -

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment be **granted**, and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 30, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

