UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| George Grant, Jr., | C/A No.: 9:08-cv-02696-GRA |
| Plaintiff, | |
| v. | **ORDER** (Written Opinion) |
| David Crenshaw, Joey Preston and Chrissy T. Adams, | |
| Defendants. | |

This matter comes before the Court for review of Magistrate Judge Bristow Marchant's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on July 30, 2009. Plaintiff, who at the time this action was filed was a pretrial detainee at the Anderson County Detention Center, filed this action on July 31, 2008, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by the named Defendants based on prosecution of criminal charges against him. Defendants filed a Motion for Summary Judgment on March 19, 2009; Plaintiff was advised of the summary judgment dismissal procedure and its consequences pursuant to *Rosboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the magistrate's *Roseboro* Order, Plaintiff failed to respond, leading to the filing of a

second order on May 18, 2009, advising Plaintiff that if he failed to respond, his case would be dismissed for failure to prosecute. Plaintiff thereafter filed a Memorandum in Opposition to Defendants' motion for summary judgment on July 13, 2009. The magistrate recommends GRANTING Defendants' Motion for Summary Judgment, and DISMISSING Plaintiff's case.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

The Court reiterates that it may only consider specific objections to the Report and Recommendation. In his objections, Plaintiff merely pontificates on the value of truth. In light of the Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

After reviewing the record, the objections, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's case is DISMISSED.

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 4, 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.